# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 20-1450V
Filed: April 22, 2024

| | |
|---|---|
| DOUGLAS J. HOOS,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Special Master Horner |

*Jonathan Joseph Svitak*, Shannon Law Group, Woodridge, IL, for petitioner.
*Zoe Wade*, U.S. Department of Justice, Washington, DC, for respondent.

### **DECISION**[1]

On October 23, 2020, petitioner filed a claim under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10-34 (2012), alleging that he suffered Guillain-Barre Syndrome ("GBS") and/or Chronic Inflammatory Demyelinating Polyneuropathy ("CIDP") as a result of his October 23, 2017 influenza ("flu") vaccination. (ECF No. 1.) For the reasons discussed below, petitioner is not entitled to compensation and this case is DISMISSED.

### I.     Procedural History

Respondent filed his Rule 4 Report on December 21, 2021. (ECF No. 20.) Because petitioner's treating physicians had ultimately determined his condition constituted CIDP rather than GBS, respondent explained that petitioner could not meet the requirements for a Table Injury of GBS. (*Id*. at 10.) Additionally, respondent asserted that petitioner's medical records were inadequate to demonstrate causation in

---

[1] Because this document contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services).  **This means the document will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

fact under the three-part *Althen* test.  (*Id*. at 10-11 (citing *Althen v. Sec'y of Health & Human Servs.*, 418 F.3d 1274, 1278 (Fed. Cir. 2005).)  In particular, respondent asserted that petitioner's medical records reflected that his acute neuropathy began more than four months after his flu vaccination.  (*Id*. at 11 (citing Ex. 7, p. 208).)  Respondent suggested this timing of onset would not support any inference of vaccine causation.  (*Id.*)  Petitioner had asserted in an affidavit, however, that his leg weakness began in November of 2017, recalling a specific incident while hunting.  (ECF No. 1, p. 2 (citing Ex. 1).)

I held a fact hearing on March 29, 2022, to address the onset of petitioner's alleged condition.  (*See* Transcript "Tr." at ECF No. 27.)  Petitioner and his wife testified.  During the hearing, the testimony indicated that petitioner had experienced neurologic symptoms earlier than what was identified in respondent's report, but that these earlier symptoms occurred episodically.  (*Id.* at 31-33.)  At the close of the hearing, I explained to the parties that I felt expert opinion would be appropriate to guide any fact finding with respect to the onset of petitioner's alleged condition.  (*Id.* at 54-55.)  In pertinent part, I explained that "the idea of what petitioner is describing here of episodic symptoms as sort of a precursor to the onset of the CIDP, that's not anything that I'm familiar with."  (*Id*. at 54.)  Accordingly, I advised petitioner's counsel that, before I could make a finding as to onset, it "makes sense for you to go an expert and see what there is to be said about this type of presentation and if that's something that you can really substantiate as being related to what ultimately became CIDP."[2]  (*Id*. at 54-55.)

Petitioner was ordered to file an expert report and requested six extensions of his filing deadline over the course of the following two years, all of which were granted.  (ECF Nos. 34-38, 41.)  Following petitioner's sixth motion for extension, he failed to comply with his October 30, 2023 filing deadline.  Therefore, on December 20, 2023, I issued an Order to Show Cause why the case should not be dismissed.  (ECF No. 42.)  I permitted petitioner a final 60-day period, until February 19, 2024, within which to file an expert report, cautioning that the case cannot remain pending indefinitely.  (*Id.* at 4.)  Alternatively, I permitted petitioner to file a brief pursuant to Vaccine Rule 8(d) nonetheless arguing in favor of entitlement to compensation, though I noted that absent an expert report dismissal would remain highly likely.  (*Id.*)

On February 19, 2024, petitioner filed a status report.  (ECF No. 43.)  He indicated that "[d]espite counsel's best efforts, Petitioner has been unable to retain an expert to support his vaccine injury claim."  (*Id*.)  He requested one final opportunity to either find alternative counsel or move for dismissal.  (*Id*.)

On February 20, 2024, I issued an order advising that petitioner's filing did not comply with the Order to Show Cause and, therefore, dismissal remained appropriate.

---

[2] I also clarified the same issue exists regardless of whether petitioner ultimately asserted his condition was better explained as GBS or CIDP.  (Tr. 55-56.)

(ECF No. 44.)  However, I permitted petitioner additional time to locate alternative counsel.  (*Id.*)  I advised that I would hold my dismissal decision until April 22, 2024 and, if counsel was not substituted by then, the case would be dismissed without further notice.  (*Id.*)

## II.     Discussion

To receive compensation in the Vaccine Program, petitioner must prove either (1) that he suffered a "Table Injury" – *i.e.*, an injury falling within the Vaccine Injury Table – corresponding to a covered vaccine, or (2) that he suffered an injury that was actually caused by a covered vaccine.  *See* 42 U.S.C. §§ 300aa-13(a)(1)(A), 11(c)(1).  To satisfy his burden of proving causation in fact, petitioner must show by preponderant evidence: "(1) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of a proximate temporal relationship between vaccination and injury."  *Althen,* 418 F.3d at 1278.  The Vaccine Act, 42 U.S.C. § 300aa-13(a)(1), prohibits the undersigned from ruling for petitioner based solely on his allegations unsubstantiated by medical records or medical opinion.

The special master is charged with adjudicating cases in this program while "endeavoring to make the proceedings expeditious, flexible, and less adversarial," and "at the same time affording each party a full and fair opportunity to present its case and creating a record sufficient to allow review of the special master's decision."  Vaccine Rule 3(b)(2).  Further, "[t]he special master will determine the format for taking evidence and hearing argument based on the specific circumstances of each case and after consultation with the parties."  Vaccine Rule 8(a).  Additionally, it is within the special master's discretion to resolve a case based on written submissions without conducting an evidentiary hearing.  Vaccine Rule 8(d).  Moreover, Vaccine Rule 21(b)(1) provides that "[t]he special master or the court may dismiss a petition or any claim therein for failure of the petitioner to prosecute or comply with these rules or any order of the special master or the court."

As discussed in respondent's report, petitioner received the vaccination at issue on October 23, 2017.  (ECF No. 20(citing Ex. 12, p. 2).)  He did not return for any medical care until more than three months later when, on February 3, 2018, he presented with complaints of chest pain.  (Ex. 9, pp. 262, 265-66.)  As of that time his neurologic exam was noted to be normal.  (*Id*. at 264.)  Subsequently, on February 27, 2018, petitioner presented for care of a four-day history of progressive leg weakness.  (Ex. 7, p. 208.)  At that time, he had absent reflexes and documented weakness on exam for the first time.  (*Id*. at 209.)  If this constitutes the onset of petitioner's alleged condition, as the medical records suggest, it would not readily support vaccine causation.  *E.g. Barone v. Sec'y of Health & Human Servs.*, No. 11-707V, 2014 WL 6834557, at *13 (Fed. Cl. Spec. Mstr. Nov. 12, 2014) (observing that "[o]ther special masters have never gone beyond a two-month (meaning eight week) interval in holding

that a vaccination caused a demyelinating illness.")  To the extent petitioner described episodic neurologic symptoms occurring closer in time to vaccination (ECF No. 27, pp. 31-34), he has not presented any medical opinion that would connect these episodic symptoms to his alleged condition.  Nor has petitioner cited to any notation in his medical records where any treating physician attributed his condition to his vaccination, regardless of onset.  Petitioner was also unable to present any expert opinion that would support vaccine causation under any assumption regarding onset.  Finally, petitioner also has not established that his injury meets the Table criteria for GBS such that any causal presumption could be available.

In this case, petitioner has been provided a full and fair opportunity to present his case.  However, petitioner's medical records do not support his allegations by a preponderance of the evidence, he did not file a medical opinion from an expert in support of her allegations, and he failed to comply with the Order to Show Cause at ECF No. 43.  Accordingly, the petition is DISMISSED for failure to establish a *prima facie* case of entitlement to compensation.

### III.     CONCLUSION

This case is now **DISMISSED**.  The clerk of the court is directed to enter judgment in accordance with this decision.[3]


**IT IS SO ORDERED.**

<u>s/Daniel T. Horner</u>
Daniel T. Horner
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.